STATE, Plaintiff-Appellee, v. DOWNEY, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25354.   Decided November 10, 1960.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. John J. McCarthy* and *Mr. John T. Patton,* assistant prosecuting attorneys, for plaintiff-appellee.
*Mr. Ronald M. Benjamin,* for defendant-appellant.

For further history see *Omnibus Index* in bound volume.

SKEEL, J.   This appeal comes to this court on an appeal on questions of law from an order overruling defendant's motion for discharge on the claim of "double jeopardy."

The defendant was indicted on May 23, 1960, by the Grand Jury of the State of Ohio within and for the body of the County of Cuyahoga on a charge of manslaughter in the first degree. The indictment recites that Elizabeth Downey on or about the 13th day of April, 1960, in the county aforesaid unlawfully killed Francis X. Downey.

one reason or another, unworthy of belief, is kept from the jury for the very reason that there is danger that they may believe it.

The trial was commenced on July 13, 1960, on which day the jury was impaneled and sworn, which trial continued on each successive court day until July 22, 1960. On this day the transcript shows the following entry after noting: ''* * * the trial proceeded.''

''Thereupon, the defendant's attorney, Edward C. Stanton, being stricken in court and unable to proceed, was removed to Charity Hospital.

''Thereupon the court for good cause shown, recessed this trial until July 28, 1960, 9:15 A. M.''

The record shows that the jury was admonished and excused until July 28, 1960.

On July 28, 1960, the following docket entry appears of record:

''July 28, 1960 TO COURT This day again came the Prosecuting Attorney on behalf of the State and defendant Elizabeth Downey, being brought into court in custody of the sheriff, her counsel Attorney Edward C. Stanton being confined in the Hospital with a Stroke, the said defendant request that Attorney Frank Mercer and Attorney Ronald Benjamin represents her, and protect her interests in this case and in Attorney Edward C. Stanton's stead; also came the jury heretofore impaneled and sworn, and the trial proceeded.

''Thereupon, the defendant herein, refuses to consent to a withdrawal of a juror and a discharge of the jury, under Section 2945.36, Revised Code.

''Thereupon, the State of Ohio moves that a juror be withdrawn and a MisTrial be declared under Section 2945.36, Revised Code, because of the Stroke suffered in the courtroom in the presence of said jury, of Attorney Edward C. Stanton, and his condition remaining critical ever since and indications of said condition remaining so indefinitely, the State contends that the discharge of the jury is an absolute necessity.

''Thereupon, the defendant enters a Motion for discharge of said proceedings on the grounds of Double Jeopardy and the court upon hearing, denies same. Exceptions by defendant.

''And the said jury having heard the testimony in part and the hour of adjournment having arrived, it is, therefore, ordered by the court that this case be re-set for trial until September, in the September Term of 1960.''

A transcript of the hearing to declare a mistrial on the motion to discharge the defendant on the grounds of double jeopardy (all of which took place on the same day and at the same hearing) is before this court by way of a bill of exceptions. It discloses that two lawyers were present on the defendant's behalf who refused to consent "to a mistrial." These lawyers, while stating they would not consent to a dismissal of the jury and the case being passed for trial at a future date, demanded a continuance for a week or more to provide sufficient time to have the evidence transcribed at the direction of the court, and thereafter for "sufficient time to peruse the record." Thereupon the bill of exceptions shows:

"MR. PATTON: How long would it take, approximately?

"MR. BENJAMIN: I did not say, and a lot would depend upon when the record is writtten up, and we would like to have time to peruse the record.

"MR. PATTON: If the Court please, in view of the fact that the Jury has sat in this case for a little more than a week and the fact that we have been adjourned for over a week, and some of these jurors I understand are in their third week, and some in their fourth week, I feel that the State will request at this time a mistrial under statute 2945.36, section (a).

"THE COURT: Gentlemen, do you have any other motions to make?

"MR. BENJAMIN: Not until the court rules, your Honor.

"THE COURT: Under the statute, under Section (a) of the statute just mentioned, Section 2945.36, Revised Code, trial court must discharge a jury without prejudice to the prosecution under section (a) for the sickness or corruption of a juror or other accident or calamity; and the Court will hold that such a thing occurred in this courtroom, and let that be in the record, and I will call the Jury down at this time.

"MR. PATTON: Mr. Benjamin has some motion, I think.

"THE COURT: I have made my ruling, and I will grant the motion to declare a mistrial, and I suppose that motion should be to withdraw a juror and declare a mistrial?"

Thereafter, counsel for the defendant demanded, by oral motion, the release of the defendant on a claim that the defendant had been in jeopardy and could not be tried a second

time on the same charge. This motion was denied as shown by the entry of July 28, above set out. The notice of appeal is from the order of the court denying defendant's motion (oral) seeking her discharge.

One part of the record should be first considered. While the court indicated, as shown by the bill of exceptions, that he was declaring a mistrial under Section 2945.36, Revised Code, because of "accident or calamity," the reason for discharging the jury and continuing the case to a future date for trial was not entered on the journal. This defect in the record may be corrected (if necessary by an order nunc pro tunc) because it is clear that the mistake was a technical oversight. *Benedict* v. *State*, 44 Ohio St., 679, 11 N. E., 125.

The order appealed from is not a final order. Former jeopardy is a defense which must be pleaded as provided by Section 2943.03, Revised Code. Such plea must be in writing. Section 2943.04, Revised Code. The case upon which the plea is based and the facts claimed as creating jeopardy must be set out in the plea and when properly and fully pleaded, the prosecutor may either demur or file an answer. If a demurrer is sustained, then the case would proceed to trial. If overruled, the prosecutor may answer and the issue of jeopardy tried to a jury, the defendant having the burden of proof by the preponderance of the evidence. Section 2943.06, Revised Code. There is no procedural basis for the defendant's motion to discharge the defendant legally before the court on a proper indictment.

This appeal is, therefore, dismissed for failure to follow correct procedure and for the further reason that the order appealed from is not a final order.

HURD, P. J., and KOVACHY, J., concur.