CITY OF AVON LAKE, APPELLANT, *v.* BURKE, APPELLEE.

(No. 1546—Decided June 20, 1962.)

*Mr. G. Del Bates*, city solicitor, and *Mr. Walter J. Morey*, for appellant.

No appearance for appellee.

DOYLE, J. This appeal from a judgment of the Municipal Court of Avon Lake presents primarily the following questions posed by appellant: "Does the Charter of the city of Avon Lake grant a portion of legislative authority to the Board of Municipal Utilities?" and "Are the rules and regulations of the Board of Municipal Utilities valid enactments upon which can be based a criminal affidavit?" ◆

Lawrence Burke was charged by affidavit with violating Section 1.06 of the rules and regulations of the Municipal Water Department of Avon Lake, Ohio, in that he did "unlawfully and without authority take a * * * key belonging to the Municipal Water Department of Avon Lake from a * * * station wagon, owned by the Municipal Water Department of Avon Lake, and proceeded to 32250 Lake Road, make entry into the water meter vault and operated the water meter valve for the purpose of turning on the water for the residence at 32250 Lake Road, in violation of Section 1.06 of the Rules and Regulations of the Municipal Water Department of Avon Lake."

Section 1.06 of the rules and regulations of the Municipal Water Department is as follows:

"No person or persons shall tamper with or injure or operate any water pipe, pump, motor, valve, hydrant or meter or' any part or appurtenances of the water supply or water distribution plant or equipment of the Avon Lake Water Works, except as properly authorized so to do."

Section 1.11 of the Rules and Regulations of the Municipal Water Department is the penalty section, and reads:

"Any person violating any provision of these rules and regulations shall be liable to a fine not exceeding one hundred dollars ($100.00), to be paid upon conviction of such violations, as provided by law."

Pursuant to the filing of the affidavit, summons was issued for the accused, Lawrence Burke. Before appearance, however, the court, on its own motion, entered a judgment dismissing the

complaint for the reasons that: (1) a "violation of a municipal utility regulation is not a crime unless made so by action of the legislative authority (the municipal council)"; (2) "The provision in Section 51 of the Charter of the municipality of Avon Lake is held insufficient to imbue the Board of Municipal Utilities with the power to create or define criminal conduct"; (3) "Section 1.06, Rules and Regulations of [the] Municipal Water Department, insofar as it attempts to define criminal conduct or to determine certain acts as misdemeanors, is held repugnant to the Constitution of the state of Ohio."

We entertain this appeal of the city of Avon Lake by virtue of the jurisdiction given this court under the Constitution of Ohio, as well as on the authority of cases cited in 2 Ohio Jurisprudence (2d), Appellate Review, Section 179. See also: Skeel's Ohio Appellate Law, Section 296, page 144. This case does not involve the element of jeopardy. *Eastman* v. *State*, 131 Ohio St., 1.

The city of Avon Lake is a charter city, possessed of all the powers given it by Sections 3 and 7 of Article XVIII of the Constitution of Ohio. Specifically, these sections provide:

Section 3: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Section 7: "Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of section 3 of this article, exercise thereunder all powers of local self-government."

Under the authority of the Constitution, the people of the municipality of Avon Lake, in the year 1951, adopted a charter in which provision was made for the creation of a Board of Municipal Utilities. This board was vested with "the administrative authority over municipally-owned utilities"; it consisted of five members, who were to hold office by election of the people. The charter provided in detail the qualifications for membership; for removal from office; for the filling of vacancies; for organization of the board and the time for its meetings; and for the requirements of a voting quorum.

The controversial section of the charter is numbered 51. It is asserted that this charter provision authorizes the Board of

Municipal Utilities to enact rules and regulations which are claimed to justify a criminal charge for a violation thereof.

Section 51 of the charter reads:

"Power and Duties.

"The Board of Municipal Utilities shall manage, conduct, control and furnish service of the water works, electric light and power plant, sanitary sewerage treatment works and system, artificial or natural gas plant, or other similar public utilities when and if owned by the municipality.

"The board may make such by-laws and regulations, and appoint or employ such personnel as it may deem necessary for the safe, economical and efficient management, operation and protection of such works, plants and public utilities. *Such by-laws and regulations when not repugnant to the ordinances of the municipality, the Constitution of the state of Ohio, and to this charter, shall have the same validity as municipal ordinances.* * * *" (Italics ours.)

The trial court, in dismissing the charge in the affidavit, gave the following reasons:

"The violation of a municipal utility regulation is not a crime unless made so by action of the legislative authority (the municipal council).

"The power to define certain acts as misdemeanors and to impose penalties therefor as provided by Revised Code Section 715.67 is reserved to the legislative authority of the municipality."

In consideration of the debates in the constitutional convention directed to the Home Rule Amendment, and the many decisions of the Supreme Court passing upon the many and various powers given to municipal corporations by the amendment, we find the following text in 3 Farrell-Ellis Ohio Municipal Code (Eleventh Ed., 1962), Sections 1.13 at page 12, amply supported with authority:

"The most direct and obvious advantage of adopting a charter is that it enables a municipality to have a form of government especially tailored to meet its particular needs and circumstances. The doctrine of separation of powers does not apply to municipalities and so a charter can invest one or more bodies established therein with both legislative and executive powers and duties. * * *"

When the municipality of Avon Lake adopted its charter it did, in fact, not only invest its council with legislative powers, but also invested limited legislative authority in the Board of Municipal Utilities. The charter provision giving certain by-laws and regulations relating to the "safe, economical and efficient management, operation and protection" of the public utility, the "same validity as municipal ordinances," is not a delegation of power of one municipal body to another, but is a direct grant of power from the people themselves. Under the provisions of Sections 3 and 7 of Article XVIII of the Constitution, the people of Avon Lake had the right to grant this power and to incorporate it into their charter.

We do not subscribe to the reasons given by the Municipal Court for its ruling, and to the contrary rule that the bylaw and regulation under scrutiny is not repugnant to the Constitution, to the charter itself, nor to the ordinances of the municipality. We further find that the bylaw and regulation under which the present charge was brought has the same validity as it would have had if it had been enacted by formal action of the municipal council.

*Judgment reversed and cause remanded.*

STEVENS, P. J., and HUNSICKER, J., concur.