THE STATE OF OHIO, APPELLANT, *v.* BOYLE, APPELLEE.

(No. 7158—Decided April 21, 1972.)

*Mr. Curt Posner,* for appellant.

*Mr. Jeffrey I. Goldstein,* for appellee.

POTTER, P. J.   This cause is before this court on the motion of defendant to dismiss the state's appeal on the grounds that this court is without jurisdiction.   Counsel has filed in this court a statement of the case, presumably in compliance with Appellate Rule 9(D), although a record was also filed.   The court ordered, *sua sponte,* a transcript of the proceedings on November 29, 1971, and of the hearing held December 1, 1971 (see Appellate Rule 9 (E)).   From the opinion of the trial court, the statement of the case, and the transcript and record, it appears that on November 11, 1971, the defendant, appellee herein, was indicted by a grand jury of the state of Ohio for the offense of homicide by motor vehicle, prohibited by R. C. 4511.181.   In opposition to this, defendant filed, on November 29, 1971, a written plea of once in jeopardy.   The trial court set this plea for hearing on December 1, 1971.   In the transcript of the hearing on November 29, 1971, the court said if a jury was needed one would be provided.   On the morning of December 1, 1971, the state filed a demurrer to the plea of once in jeopardy.   Oral arguments were held before the

trial court without a jury and without the introduction of evidence.

The trial court did not follow statutory procedure (see R. C. 2943.06), which provides for the trial of such an issue by jury, and that if the prosecuting attorney demurs to a plea of former jeopardy and the demurrer is overruled, the prosecuting attorney may then reply to such plea. Perhaps the trial court treated the plea as a preliminary matter or a motion, similar to defendant's motion for discharge on the claim of double jeopardy, as in the case of *State* v. *Downey* (1960), 113 Ohio App. 250. It may have felt obligated to follow the procedure outlined for collateral estoppel, as in the case of *Owens* v. *Campbell* (1971), 27 Ohio St. 2d 264, at page 266. See, also, *Ashe* v. *Swenson* (1970), 397 U. S. 436, at page 444. Where the facts of a prior case have not been controverted, the necessity of impanelling a jury has been challenged. (See *State* v. *Bryant* (1971), 31 Ohio Misc. 230, 57 Ohio Op. 2d 92; *Ladd* v. *State*, 5 C. C. 276; *Horner* v. *State*, 8 C. C. (N. S.) 441; and *Beamer* v. *State*, 10 C. C. (N. S.) 131.) The consideration of a plea of once in jeopardy as a preliminary matter has merit. See 21 American Jurisprudence 2d 473, Criminal Law, Section 480, and Rules 11 and 12 of the proposed rules of Ohio Criminal Procedure.

The state did not object to the procedure followed. The trial court, as a result of the oral argument, found that the defendant's plea of once in jeopardy was well taken, and inferentially overruled the state's demurrer and dismissed the indictment. It is from this order that the appeal is taken. Defendant claims that statutory law does not provide any right of appeal by the state, in this instance. We conclude that this observation is correct.

This court has also looked to the Ohio Constitution for guidance in regard to the right of review of final orders. See, for example, *Eastman* v. *State* (1936), 131 Ohio St. 1, the 3rd paragraph of the syllabus; *City of Avon Lake* v. *Burke* (1962), 115 Ohio App. 541, at 543; and the following cases where the right of appeal was not raised: *State* v. *Rose* (1914), 89 Ohio St. 383 and *State* v. *Corwin*

(1922), 106 Ohio St. 638. However, recent decisions and a proper respect for judicial discipline compel our holding that the state has no right of appeal in this cause.

R. C. 2953.14, which grants a right of appeal to the state from an adverse ruling of a court superior to the trial court, and R. C. Sections 2953.02-2953.13 are not applicable. See *State* v. *Huntsman* (1969), 18 Ohio St. 2d 206. *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65, limits the right of the state to appeal except in those cases where the court decides a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment. *State* v. *Collins* (1970), 24 Ohio St. 2d 107, further defines and limits R. C. 2945.70 and makes clear that the *Euclid* language "or the equivalent thereof," did not expand the section's scope.

The Supreme Court of Ohio, in the *Collins* decision, held the following, at page 111:

"By permitting state appeals only in the four instances delineated, the clear commandments of this statute obviously forbid an appeal such as the one at bar."

See, also, *State* v. *Pernell* (1968), 15 Ohio App. 2d 221. In *Collins*, the state was denied the right to appeal from the granting of a motion to suppress evidence. Rule 12(J) of the proposed Criminal Rules is designed to legislatively overrule *Collins*; however, the proposed rules make no provision for a state appeal where a motion based on once in jeopardy, the plea having been eliminated, is sustained. See, also, Rule 12(I) in regard to state appeals from adverse rulings on motions which raise issues which were formerly raised pursuant to motions to quash, etc.

The state in the instant case has no right of appeal. The appeal is, therefore, dismissd at appellant's costs.

*Appeal dismissed.*

BROWN and WILEY, JJ., concur.