(No. 5-209—Decided December 1, 1975.)

*Mr. William Gargiulo* and *Mr. Paul La Plante*, for appellant.

*Mr. John Hurley, Jr.*, for appellee.

DAHLING, J. This cause is before this court on the petition of the state of Ohio for permission to file a bill of exceptions. The attorney for the trial court has filed a memorandum in response which argues that the state's petition ought to be denied.

We are of the opinion that the state's petition must be denied. The Ohio Supreme Court in *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65, in paragraph four of the syllabus, said:

"Sections 2945.67 to 2945.70, inclusive, Revised Code, are unconstitutional insofar as they permit the prosecutor in a criminal case to institute proceedings to review a judgment of the trial court, except where the judgment of such court decides a 'motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment,' or the equivalent thereof."

In the instant case, the motion to dismiss was filed for "discharge for delay in trial" under R. C. 2945.73. The defendant was indicted on April 9, 1973, and the motion to dismiss was filed on April 21, 1975. R. C. 2945.73(D) provides that "When an accused is discharged pursuant to

division (B) or (C) of this section, such discharge is a bar to any further criminal proceedings against him based on the same conduct." Division (B) of R. C. 2945.73 has reference to R. C. 2945.71 which provides under division (C) (2) that a person charged with a felony shall be brought to trial within two hundred seventy days after arrest.

We are of the opinion jeopardy has attached and that the state lacks a right of appeal except as provided in R. C. 2945.70 (amended March 23, 1973):

"* * * unless the judgment of the court of appeals or the supreme court reverses the judgment of the trial court on its ruling on a motion to quash, a plea in abatement, a demurrer, a motion to suppress evidence, or a motion in arrest of judgment."

The phrase "the equivalent thereof" was eliminated in the 1973 revision of R. C. 2945.70, but the instant case would not come under that category anyway. We believe paragraph 4 of the syllabus of *Heaton* is governing, although *Heaton* was decided in 1968, prior to the 1973 revision of R. C. 2945.70.

The Supreme Court reiterated the exclusiveness of prosecutorial appeals in the case of *State* v. *Collins* (1970), 24 Ohio St. 2d 107, wherein, at page 111, the court said:

"By permitting state appeals only in the four instances delineated, the clear commandments of this statute obviously forbid an appeal such as the one at bar."

These four restrictions were again cited and recognized by the Court of Appeals for Lucas County in the case of *State* v. *Boyle* (1972), 32 Ohio App. 2d 255, where, at page 257, the court said:

"See *State* v. *Huntsman* (1969), 18 Ohio St. 2d 206. *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65, limits the right of the state to appeal except in those cases where the court decides a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment."

In November, 1973, the Ohio Supreme Court in *State* v. *Brenneman*, 36 Ohio St. 2d 45, cited the *Heaton* case and the *Collins* case, at page 47, as controlling the state's right of appeal.

The United States Supreme Court has also given direction in *United States* v. *Sanges* (1892), 144 U. S. 310, at page 312:

"* * * [I]t is settled by an overwhelming weight of American authority, that the State has no right to sue out a writ of error upon a judgment in favor of the defendant in a criminal case, except under and in accordance with express statutes, whether that judgment was rendered upon a verdict of acquittal, or upon the determination by the court of a question of law."

The state has failed to cite any statute or rule, nor do we know of any, whereby a dismissal as in the instant case may be appealed by the state. We have considered the case of *State* v. *Davis* (1975), 44 Ohio App. 2d 95, wherein the court on an application of the state reversed a dismissal for failure to bring an accused to trial within ninety days from arrest. However, the proposition that the state lacked a right of appeal was not covered in the *Davis* opinion.

*Appeal denied.*

HOFSTETTER, P. J., and COOK, J., concur.