THE STATE OF OHIO, APPELLEE, *v.* ENGLAND, APPELLANT.

(No. 44873—Decided November 18, 1982.)

[1] R.C. 2945.72 reads as follows:
"The time within which an accused must be

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Ms. Marillyn Fagan Damelio,* for appellant.

CORRIGAN, J. Appellant, Edward England, and his codefendant, Terry Lee Moore, were arrested in November 1978 and charged with murder and attempted murder, violations of R.C. 2903.02 and 2923.02. On June 11, 1979, that case was dismissed for want of prosecution. Appellant and his codefendant were reindicted on October 1, 1980 and appellant's arrest followed on October 16, 1980. On December 8, 1980, appellant moved to dismiss for lack of speedy trial as mandated by R.C. 2945.71. The state made no response to appellant's motion and filed no appeal from the court's order of December 19, 1980 discharging appellant on speedy trial grounds.

On March 18, 1981, the state moved to vacate the judgment discharging appellant based on testimony from codefendant Moore's trial to the effect that appellant sent the key witness out of state from late November 1978 until early July 1980, and thus caused delay which extended the time in which appellant must be brought to trial, pursuant to R.C. 2945.72(D).[1] The court granted the state's motion on August 18, 1981 and reinstated the case. Appellant responded with a motion for reconsideration on January 5, 1982, and this court granted appellant leave to appeal after the trial court denied his motion for reconsideration.

Appellant assigns the following assignment of error for review:

"The trial court erred and abused its

brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"* * *

"(D) Any period of delay occasioned by the neglect or improper act of the accused;"

discretion when it vacated an earlier ruling which dismissed the case and discharged appellant because the state failed to bring appellant to trial within the time period prescribed in Ohio Revised Code § 2945.71. The court's order vacating the previous dismissal and reinstating the case violated Ohio Revised Code § 2945.73(D)."

Appellant contends that the court erred in vacating its order discharging appellant on speedy trial grounds as such a ruling violated R.C. 2945.73(D).

R.C. 2945.73 provides:

"(D) When a charge of felony is dismissed pursuant to division (A) of this section, such dismissal has the same effect as a nolle prosequi. When an accused is discharged pursuant to division (B) or (C) of this section, such discharge is a bar to any further criminal proceedings against him based on the same conduct."

Appellant was discharged pursuant to division (B) of R.C. 2945.73, and such discharge therefore barred any further criminal proceedings against appellant based on the same conduct. The clear meaning of this statute leads us to conclude that the court exceeded its authority when it vacated its prior entry discharging appellant on speedy trial grounds. Our conclusion is further supported by the syllabus in *State* v. *Pachay* (1980), 64 Ohio St. 2d 218 [18 O.O.3d 427], in which the Ohio Supreme Court stated:

"The statutory speedy trial provisions, R.C. 2945.71 *et seq.*, constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and *shall be strictly enforced* by the courts of this state." (Emphasis added.)

Moreover, the court's entry discharging appellant on speedy trial grounds was tantamount to a dismissal with prejudice, and thus acted as a bar to any further criminal proceedings based on the same conduct, especially a mere reinstatement of the charges against appellant.

Our holding, however, is limited to the facts of the instant case which lack a clear showing of delay occasioned by an act of appellant which would extend the time in which he must be brought to trial. The "missing" witness testified at the codefendant's trial that appellant sent him to West Virginia and Alabama after the shooting. Appellant, on the other hand, attempted to submit the witness' sworn statement that appellant did not send him anywhere, and that his testimony at trial was inaccurate and given while he was scared and confused. A different result might have been reached here if the state had made a stronger case of appellant's interference with the judicial process and in a more timely fashion, *i.e.*, upon reindictment seeking a judicial determination of the portion of the trial delay attributable to the appellant, or at least, responding to the dismissal motion, or attempting an appeal from the order of December 19, 1980 discharging the appellant.[2]

In the leading case dealing with speedy trial in criminal cases, *Barker* v. *Wingo* (1972), 407 U.S. 514, the United States Supreme Court stated:

"The right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused. In addition to the general concern that all accused persons be treated according to decent and fair procedures, there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused. * * *" *Id.* at 519.

---

[2] The Eleventh Appellate District held in *State* v. *Sonnie* (1975), 46 Ohio App. 2d 164 [75 O.O.2d 254], that the granting of a motion to dismiss a charge against an accused for delaying trial, made pursuant to R.C. 2945.73, may not be appealed.

"A second difference between the right to speedy trial and the accused's other constitutional rights is that deprivation of the right may work to the accused's advantage. Delay is not an uncommon defense tactic. As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or their memories may fade. If the witnesses support the prosecution, its case will be weakened, sometimes seriously so. And it is the prosecution which carries the burden of proof. Thus, unlike the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not *per se* prejudice the accused's ability to defend himself.

"Finally, and perhaps most importantly, the right to speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied. We cannot definitely say how long is too long in a system where justice is supposed to be swift but deliberate."[3] *Id.* at 521.

" 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' * * * [*Beavers* v. *Haubert* (1905), 198 U.S. 77, 87.]

"The amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but it is the only possible remedy."[4] *Id.* at 522.

While pointing out that what they say in *Barker* should not be interpreted as disapproving "a presumptive rule" adopted by a court in the exercise of its supervisory powers establishing a fixed time period, the United States Supreme Court concluded that a balancing test is required and the cases must be decided on an ad hoc basis.

"We, therefore, reject both of the inflexible approaches — the fixed-time period because it goes further than the Constitution requires; the demand-waiver rule because it is insensitive to a right which we have deemed fundamental. The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Barker, supra,* at 529-530.

Undoubtedly the Ohio Legislature in enacting R.C. 2945.71 *et seq.* provided a statutory safeguard for the fundamental right of an accused to a speedy trial. It was hardly its intent to allow an accused as the prosecution contends to secrete the possible witnesses against him until the fixed time had run resulting not only in a dismissal of the charges but an entry barring any further proceedings. It can be argued that the rigidity of the fixed-time rule produces unintended consequences and the zealous attempt to protect the rights of the accused defeats the societal interest in true justice.

Based on the current statutes and

---

[3] Fn. 15 of *Barker* is as follows:

" '[I]n large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself.' *United States* v. *Ewell,* 383 U.S. 116, 120 (1966)."

[4] Fn. 16 of *Barker* reads:

"Mr. Justice White noted in his opinion for the Court in *Ewell, supra,* at 121, that overzealous application of this remedy would infringe 'the societal interest in trying people accused of crime, rather than granting them immunization because of legal error. * * *' "

case law, however, we are compelled to find merit in appellant's assignment of error. Reviewing the allegations of the prosecution and the guilty verdict against the codefendant, we re-echo the suggestion advanced in *State* v. *Pachay, supra,* that either a legislative modification of R.C. 2945.71 *et seq.,* or further examination of the speedy trial statutes by the Supreme Court, seems warranted.

Judgment is reversed and the case is remanded with instructions to discharge appellant.

*Judgment reversed and case remanded.*

DAY, P.J., and CELEBREZZE, J., concur.