### WILHELM v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10804. Decided Oct 6, 1930

Farquharson, Curtis, Gillie, Gustafson & Miller, Cleveland, for Wilhelm.

Harold H. Burton, Cleveland, for City.

CLINE, J.

It is quite apparent from a reading of the record that plaintiff in error did not violate the ordinance. He had parked his car on E. 2nd St., for the purpose of making a delivery of merchandise and was quite within the provisions of the ordinance and he should have been discharged on that ground.

It also appears from the record that the court erroneously dismissed or nolled, over the objection of defendant, a proceeding in which an offense was charged against Wilhelm, which was the same charge upon which he was later tried. The third arrest and trial placed Mr. Wilhelm in jeopardy the second time, which contravenes his rights under the Constitutions of the State and the Nation.

It seems from the whole record that the action against Mr. Wilhelm approached persecution rather than prosecution. It is apparent that when Mr. Wilhelm discovered his car was gone and complained to the policeman, an altercation arose and the patrol wagon was called and Mr. Wilhelm was taken to jail where he remained for several hours. The subsequent proceedings indicated unusual diligence on the part of the prosecuting officials.

Mr. Wilhelm was well within the exercise of his rights for the ordinance recognizes the necessity of merchants and business men making deliveries to their customers and provisions are made in the ordinance for parking cars while this is done. It does not apear that Mr. Wilhelm had left his car on the street for an unreasonable time while he was engaged in delivering to his downtown customers merchandise which they evidently needed.

Merchants should be aided in the delivery of their merchandise, for without this service it would be well nigh impossible to carry on business in this city.

We recognize that traffic has become

dense and that strict regulation of traffic is necessary, but that affords no excuse for an officer who becomes angry at an individual, to arrest him and keep him in jail without affording him a reasonable opportunity to reach his attorney and to secure bond.

The subsequent proceedings in police court accentuate the original error for there was a persistent effort to persecute rather than prosecute. The case, in one sense, is of trivial nature because Mr. Wilhelm was fined only the costs, but the principle involved is important. If a citizen is to be deprived of his rights because the fine administered against him is small, then the liberty of a person may be destroyed where the punishment is severe.

Cancerous growths which are small in their beginning, ultimately destory the entire organism and it should be the duty of those in charge of the enforcement of the law, and its construction, to prevent evils whose growth may eventually destroy the constitutional guarantee of the people.

We recognize that the traffic squad has a great burden in directing street traffic in the downtown district, and citizens should aid them in carrying this burden. However, members of the police department, as well as all other officers, are essentially public servants and their paramount aim should be to assist the public rather than oppress any citizen no matter how humble.

Crimes committed against society cannot be effectively curbed by other crimes committed against criminals. It is just as important that a prisoner be properly convicted according to the prescribed forms of law as it is that he be convicted. An injustice done to a prisoner under the form or sanction of the law creates a poison, the tendency of which is to destory respect of and reverence for the law.

The judgment of the municipal court is reversed and plaintiff in error is discharged.

Vickery, PJ, and Levine, J, concur.