(No. 36270.—

The People of the State of Illinois, Appellant, *vs.* James Kapande *et al.,* Appellees.—(The People of the State of Illinois, *vs.* $89,284.75, *et al.*)

*Opinion filed Sept. 22, 1961.—Rehearing denied Nov. 29, 1961.*

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and John T. Gallagher, and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Michael H. Brodkin, Herbert Barsy, and Myer H. Gladstone, all of Chicago, for appellees.

Mr. Justice Solfisburg delivered the opinion of the court:

This case involves a criminal information filed in the county court of Cook County charging the defendants with

being keepers of a common gaming house and a civil action filed in the same court alleging that the defendants were the keepers of a gambling house at the same address charged in the criminal information, and that the $89,284.75 seized by the State constituted a functional, integral part of a gambling operation and should be forfeited as contraband. To properly understand the issues presented in the above cases which were consolidated, it is necessary to state in detail the chronological sequence of events.

The criminal information and the civil action were both filed on December 8, 1959. In the criminal case the defendants waived trial by jury and filed a motion to suppress evidence which alleged in substance that certain property was unlawfully seized by the State; that the State gained entry by battering down the doors when they had neither a warrant for the arrest of any defendant nor to search the premises and to seize the property therein; that the officers drilled open the safe and seized $80,146.75, the property of the defendant, Rocco Fischetti, and other sums of money from the other defendants. The petition prayed that the court find that said money and other property seized be declared not contraband and that it be returned to the defendants. The State admitted that the entry of the police officers was illegal and that none of them had a warrant of arrest for any of the defendants nor a search warrant at the time of the illegal entry. When the petition to suppress came on for hearing, the State stated that it would not offer any of the property seized nor any of the property described in the petition to suppress evidence. Defendants' attorneys insisted on their right to have the petition to suppress heard, and at that point, the State moved to *nolle pros* the information. Said motion was objected to and, before the court ruled, the State moved that the court find the defendants not guilty, which motion was granted. The court found the defendants not guilty and ordered them discharged. A week later the defendants filed a petition in

the criminal case praying that an order be entered declaring the seized property to be not contraband and to be returned to the defendants. No answer thereto was filed by the State.

On June 2, 1960, being after the entry of the judgment of not guilty in the criminal case, the defendants filed an amendment to the answer in the civil case alleging that all the matters pleaded in the civil petition have been adjudicated in the criminal information. The original answer of the defendants to the civil petition denied that they were keepers of a gambling house, denied that the money was a part of a gambling operation, and prayed that the money be returned to the defendants. Said defendants also filed a motion for summary judgment in the civil case alleging that there was no triable issue of fact. No objections or counter-affidavits to the motion for summary judgment were filed although the State was granted five days to do so, nor did the State file any reply to the amendment to defendants' answer although time was granted to do so.

On June 6, 1960, the State filed a complaint in the superior court of Cook County containing substantially the same allegations as appeared in the civil action in the county court. Said complaint prayed an order declaring the $89,284.75 to be contrabrand and praying that it be confiscated and forfeited to the State. A petition for writ of prohibition was also filed in the same case in the superior court of Cook County praying that the county judge be prohibited from proceeding with the hearing on said civil petition. On the next day, the State moved to dismiss its civil petition in the county court and the defendants objected on the grounds that their motion for summary judgment was pending and that their answer prayed for affirmative relief, namely, that the money be declared not contraband and returned to the defendants. The county court thereupon denied the State's motion to dismiss the complaint. Thereafter the superior court denied the motion for

a writ of prohibition, and on July 6, 1960, the hearings on both county court cases were resumed. At these hearings the State took the position that the county court had lost jurisdiction in the criminal case once the judgment of not guilty had been entered, and that the State had an absolute right to a nonsuit in the civil case. The defendants then put into evidence testimony regarding the mode of entry, lack of search or arrest warrants, opening the safe and securing the money and turning the money over to the county treasurer. The State standing on its position of lack of jurisdiction in the county court declined to offer any testimony.

On November 23, 1960, a final order was entered in both the civil and criminal cases, which were consolidated for hearing. This order found that the "portion of Defendants' Answer praying for the aforesaid affirmative relief, is in effect a counterclaim and that the consent of the defendants to the dismissal of said Complaint is necessary and that the defendants have not given their consent to the said dismissal, but have objected thereto." The court therefore denied the State's motion to dismiss the civil case. The same order further found that the entry on the premises occupied by the defendants was illegal; that none of the officers had a warrant for arrest of any of the defendants; that the search of the premises was illegal and that none of the officers had a search warrant at the time of entering; that none of the articles seized were used for gambling at the time they were found and seized; that the money is not contraband in itself; that the State had failed and refused to introduce any evidence whatsoever in either action to prove that the money and other articles were a functional, integral part of a gaming operation; that the judgment in the criminal case finding the defendants not guilty and ordering them discharged is *res adjudicata* of the claims set forth in the civil action and that the money, *etc.* could not possibly have been an integral, functional part of a gambling

operation by the defendants at the time and place involved. In the order the court ordered the motion for summary judgment by the defendants in the civil case be sustained and that the money be returned to the defendants.

In the criminal case it is the contention of the State that the trial court had no power to order the money returned because it lost jurisdiction of the case when the judgment of acquittal was entered. The State further argues the money cannot be returned merely because the defendants were acquitted of the criminal charges or because it was illegally seized, inasmuch as these facts are irrelevant to a determination of the contraband nature of the property. It is the contention of the defendants that the appeal should be dismissed or, in the alternative, that the judgment of the county court should be affirmed, inasmuch as the trial court had jurisdiction to order the return of the money; that the verdict of acquittal in the criminal case is *res adjudicata* of the issue whether the money was contraband, and the county court had the duty to determine whether the property seized is contraband in connection with the petition to suppress evidence.

Many of the issues herein presented have been determined by this court in *People* v. *Moore,* 410 Il. 241. There a search warrant was given to a constable, who with the State highway police, went to the city of Venice, served the search warrant upon the defendant, Moore, and then proceeded to take possession of certain chattel property and, in addition, about $18,000 in money. Thereafter, a criminal information was filed in the county court charging the defendants under the act prohibiting bookmaking. On the same day that the criminal information was filed, the State's Attorney and Attorney General jointly filed a petition in the county court, in the same cause, alleging that the money was contraband, should be declared to be such, and that the State's Attorney be authorized to turn over said money in accordance with the act relating to fees of State's Attorneys

to the school fund of the county. Thereafter, Moore and another defendant filed an answer to the petition for confiscation, denied that the money was contraband or subject to confiscation, and stated that the defendants were immediately entitled to said money. The criminal information, although set for hearing, was never heard, but evidence was heard on defendant's motion to suppress the search warrant and for a return of the property, and an order was entered by the county court allowing said motion and the money and articles seized were ordered returned. The State appealed directly to this court claiming that the judgment appealed from was final, was civil and not criminal, that the defendants raised constitutional questions of search and seizure, and that the State has a financial interest in the $18,000 alleged to be contraband. The defendants argued that this court had no jurisdiction; that the case was criminal, and the order was not final and appealable, and that the money as such can never be considered contraband. Defendants' motion to dismiss the appeal in this court was taken with the case. After deciding the jurisdictional point and taking jurisdiction of the case, this court said at p. 249, "It is our opinion that the order of the county court appealed from is divisible in legal effect: First, it suppresses the search warrant with the consequence that no property taken under the search warrant can be used as evidence in the pending criminal case, and there is no right to appeal from that part of the order and we have no jurisdiction to review it on appeal, and, second, the portion of the order directing a return of the property to the defendants touches a different subject matter and is a proceeding *in rem* and is civil rather than criminal in nature, and the legal effect of that part of the order is the same as if the court had ordered a return of the money under the petition filed by the defendants on June 8, 1950. Therefore, the State has the right, on this appeal, to have the court determine whether or not the property taken under

the search warrant is contraband, and our review of the case is limited to that proposition." We then decided that the property in question cannot be used in evidence at the trial of the criminal information, because of that part of the trial court's order suppressing the search warrant. We further held at p. 252, "the return of the property to the defendants can be ordered only if it is not properly subject to confiscation. The trial court having made no finding in reference to that question, we believe that as to the property taken the order of the trial court should be reversed and the cause remanded with directions to the county court to determine whether such property is subject to confiscation."

The present case differs from the *Moore case* in several respects. In the *Moore case,* the property was taken under a search warrant, the judgment of "guilty" or "not guilty" had not been entered as of the date of appeal, and the petition for the return of the property to the defendants was filed in the criminal case. Here there was no search warrant. There had been a judgment entered in the criminal case of "not guilty" prior to the determination in both civil and criminal cases that the money was not contraband and ordered returned to the defendants. The State filed but a single notice of appeal. This notice of appeal prayed that the judgment in the civil case be reversed and that the cause be remanded with directions to dismiss plaintiff's suit without prejudice; and that the judgment in the criminal case be reversed. Although said notice does not specify the judgment in the criminal case being any more than the judgment of "not. guilty," we will consider it as covering both the judgment of "not guilty" and the order of November 23, 1960, ordering the return of the money to the defendants in both the civil and criminal cases. The State's appeal from the judgment of "not guilty" in the criminal case is dismissed and no citation of authority is necessary for the proposition that the State cannot appeal from a "not guilty" judgment. As to the balance of the State's appeal in the

criminal case, we have cited *People* v. *Moore* as authority for the proposition that the appeal is divisible in legal effect and that the order directing the return of property to defendant is a proceeding *in rem* and is civil rather than criminal in nature. As there is a civil aspect of this appeal, it is the opinion of this court that insofar as the county court is concerned, it lost jurisdiction in the criminal case upon entering the judgment of "not guilty" and that the petition, filed subsequently in the criminal case seeking to declare the money as not contraband and asking its return, is a nullity, and the order of the county court in the criminal case declaring the money not contraband and ordering the returning to the defendants is reversed and set aside.

We next turn to the contentions of the State in the civil case. They first argue that the county court had no jurisdiction in the civil proceeding to determine the contraband nature of the property. We think this argument was laid to rest by our decision in *People* v. *Moore,* 410 Ill. 241, where we determined that the county court has jurisdiction to determine the contraband nature of the property, and that such a proceeding is civil in nature. We hold that the county court had jurisdiction in the civil case.

The State further contends that even if the court had jurisdiction, it erred in denying the State's motion for a voluntary dismissal. We have previously recited the chronological sequence in the civil case of the filing of the petition by the State, and the answer praying for affirmative relief, to-wit: that the court find the money seized by the State's Attorney's office to be not contraband and that the same be returned to the defendants. On the defendants' motion for summary judgment, the county court found in its order of November 23, 1960, that that portion of the defendants' answer praying for the affirmative relief, is, in effect, a counterclaim, and that the consent of the defendants to the dismissal of said complaint is necessary and that the defendants have not given their consent to said dismissal, but

have objected thereto. We agree with the conclusion of the trial court. While the answer of defendants was not artfully drawn, and may have been subject to attack by motion, it clearly contained a claim for affirmative relief. We therefore believe it was sufficient to prevent a voluntary dismissal without their consent.

Lastly, the State seeks a new trial on the ground that the acquittal of the defendants on the criminal charge was not *res adjudicata* of the issues in the civil proceeding. We agree that the acquittal was not *res adjudicata* in the civil case. (See *White* v. *Youngblood,* 367 Ill. 632, 634; *United States* v. *Gramer,* (9th cir.) 191 Fed. 2d 741.) However, this conclusion does not necessitate a new trial. The finding of *res adjudicata* was but one of several grounds for the order of November 23, 1960. It appears from that order that the court heard evidence and found that the money was not contraband. No report of proceedings or bill of exceptions has been filed in this court. The State filed a motion in this court for an extension of time to file such report, which motion was denied.

Inasmuch as no such report of proceedings is before us, and therefore a review of this case is limited to the findings of fact contained in the judgment order dated November 23, 1960, we must sustain the judgment order of the county court of Cook County in the civil case, even though the trial court was in error in its view that the judgment of the court in the criminal case finding the defendants "not guilty" and ordering them discharged was *res adjudicata* of the claim set forth in the civil action. To reverse the the order of November 23, 1960, entered in the civil case, it would be necessary to have the complete record before us in order to determine whether the money, under all the facts, was contraband or not contraband. It is to be remembered that the State refused to offer evidence in the civil case and that the only evidence offered was by the defendants.

In the absence of a complete record we cannot say it was error for the county court of Cook County in the civil proceeding to enter a judgment declaring the money not contraband and ordering its return to the defendants. Accordingly, as to the appeal of the State in the criminal case, that part of the appeal pertaining to the judgment of "not guilty" is dismissed, and the order of November 23, 1960, as it pertains to the criminal action, is reversed and set aside. The order of November 23, 1960, as it pertains to the civil action, is affirmed.

*Affirmed in part and reversed in part.*