THE STATE OF OHIO *v.* BRYANT.
THE STATE OF OHIO *v.* MORGAN.

(Nos. C-55519, C-55520—Decided August 30, 1971.)

Hamilton County Municipal Court—Criminal Division.

*Mr. Ralph E. Cors*, city prosecutor, for plaintiff.
*Mr. Lee Kasson*, for defendants.

GILDAY, J. In these cases the defendants are jointly charged with violating R. C. 4549.05 [Stealing Parts from Motor Vehicles], and both defendants have entered written pleas of once in jeopardy. There is no real dispute of fact as to what occurred at the former hearing on which the defendants are basing their pleas, since a complete stenographic transcript of that former hearing has been attached by the defendants to their memorandum in support of the pleas.

In examining that transcript we find that the defendants, having previously entered pleas of "not guilty" to the charge, appeared with their attorney on July 1, 1971

prepared for trial, and the police officer who had made the arrest and sworn to the affidavit was also present. All the witnesses were sworn and the police officer then testified that certain necessary witnesses for the State were not present and had not been subpoenaed, although their attendance had been requested. The officer then asked the court to grant a continuance so that subpoenas could be issued. The attorney for the defendants strongly objected to any further continuance and the court thereupon dismissed the charges. On the same day the police officer swore to new and identical affidavits charging the same offense and the defendants were re-arrested shortly after the original hearing in court. It is to these second warrants that the defendants have filed their pleas of once in jeopardy.

The procedure which this court must follow when a plea of once in jeopardy has been interposed is governed by R. C 2943.06 which is as follows:

"If a defendant pleads a judgment of conviction, acquittal or former jeopardy, the prosecuting attorney may reply that there is no such conviction, acquittal, or jeopardy. The issue thus made shall be tried to a jury, and on such trial the defendant must produce the record of such conviction, acquittal or jeopardy, and prove that he is the person charged in such record, and he may also introduce other evidence to establish the identity of such offense. If the prosecuting attorney demurs to said plea and said demurrer is overruled, the prosecuting attorney may then reply to said pleas."

The state has not filed any demurrer or reply in this case, and indeed as to the latter, it could not in good conscience do so unless it wished to question the accuracy of the stenographic record of the former case. In such circumstances, is the court still required to empanel a jury and then to direct a verdict as to whether or not the defendants have been once in jeopardy based upon the undisputed facts of the former case? Such a procedure would be a waste of the court's time and the taxpayers' money and is not required by the statute. See the case of *Horner*

v. *State*, 8 Ohio C. C. R. (N. S.) 441. Syllabus 1 of that case in its relevant parts is as follows:

"A plea in bar to a criminal charge does not present an issue solely for the jury; such a plea may be examined by the court as to its sufficiency, and if it be found that it is insufficient as a matter of law it may be so adjudged * * * ."

It certainly follows from this that if the converse be true and the court, having examined the plea and the undisputed facts of the former hearing, finds that as a matter of law the defendant has been once in jeopardy, the court should dismiss the charges. This position is further buttressed by the case of *Gormley* v. *State*, 37 Ohio St. 120.

There is also a very recent case relevant to our problem, just announced by the Supreme Court of Ohio on July 21, 1971. This is the case of *The State, ex rel. Owens,* v. *Campbell, Sheriff*, 27 Ohio St. (2d) 264. This case which, by implication, partially overrules the cases of *State* v. *Billotto*, 104 Ohio St. 13, and *State* v. *Orth*, 106 Ohio App. 35 [which cases hold that there is no collateral estoppel in criminal cases in Ohio], holds in regards to former jeopardy:

"In this situation [where once in jeopardy has been pleaded], *Ashe* v. *Swenson, supra* (397 U. S. 436, 444), *requires a court* to ' "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge and other relevant matter . . ." ' " [Emphasis added.]

We next come to the question as to at what point in a case a defendant has been in jeopardy. The leading case in Ohio in this regard is *Mitchell* v. *State*, 42 Ohio St. 383, which holds in syllabus 1: ". . . the rule is, that the accused is once in jeopardy, when the plea of not guilty is interposed to a valid indictment and the jury is sworn." In such a situation it is not necessary that any testimony whatsoever be given. See *Stephen* v. *State*, 18 Ohio Law Abs. 264 (Court of Appeal of Monroe County, 1934).

But what of a non-jury case? As far as this court can determine, there is only one reported case in the history of Ohio where this point was determined. That is the case

of *Wilhelm* v. *Cleveland*, 8 Ohio Law Abs. 655. At page 656 of that opinion we find the following: ". . . that in said former prosecution the witnesses were sworn and one witness testified. . . ." The Court of Appeals of Cuyahoga County held that, in such a situation, the bringing of a subsequent identical charge was barred on the basis of former jeopardy, reversed the conviction, and discharged the defendant. That case is almost directly analogous to our present one.

See also 21 American Jurisprudence 2d 236, Section 175 which provides in part as follows: "Jeopardy attaches in a nonjury case when the accused is brought to trial and the court begins to hear evidence."

There is no question in our present case that the court in the former proceeding had started to hear evidence, even though that evidence did not bear directly upon the guilt or innocence of the defendants. The judge in that proceeding was thoroughly justified in dismissing the case since the state had no valid reason for its lack of readiness other than the fact that necessary witnesses had not been subpoenaed. See *Mount* v. *State*, 14 Ohio 295. Furthermore, the whole concept of double jeopardy is intended to encompass just such a situation as the present one.

"The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." Justice Black in *Green* v. *United States*, 355 U. S. 184, 77 Ohio Law Abs. 202.

The plea of the defendants of once in jeopardy is hereby sustained, and the defendants are discharged.