MARY BULLISTRON, Adm'rx with the Will Annexed of the Estate of Patrick Gannon, Deceased, Plaintiff-Appellant, *v.* AUGUSTANA HOSPITAL, Defendant-Appellee.

First District (2nd Division)   No. 76-187

Opinion filed June 14, 1977.—Rehearing denied September 26, 1977.

Leonard C. Arnold, of Heller & Morris, of Chicago (Elliott B. Levine, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (Stephen D. Marcus, James T. Ferrini, and William J. Sneckenberg, of counsel), for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Mary Bullistron, as administratrix with the will annexed of the estate of Patrick Gannon, deceased, brought an action seeking to recover damages sustained as a result of the death of plaintiff's decedent and allegedly occasioned by the failure of defendant, Augustana Hospital, to properly maintain its facilities and operation. Count I of plaintiff's complaint alleges, in pertinent part, that decedent was an ambulatory inpatient at defendant's facilities from August 2, 1970, to October 23, 1970: that during this period decedent attempted to open a door located upon this facility and in so doing was caused to be thrown to the floor; that such a fall was occasioned by defendant's negligent failure to maintain the door in proper operating condition; and that as a result decedent sustained a fracture of his lower extremity. Plaintiff further avers in count II that treatment of the aforementioned fracture necessitated performance of a surgical procedure during the course of which decedent was supplied with quantities of blood plasma; that such plasma was contaminated, in an unreasonably dangerous condition and unfit for human transfusion; and that as a result decedent developed serum hepatitis and expired of complications thereof on October 23, 1970. Counts III and IV are based upon these facts and plead negligence and breach of implied warranty in supplying the blood plasma used in the operation.

Defendant in its answer admitted that decedent was a patient in its hospital but substantially denied all the remaining allegations of the various counts. Defendant also initiated a third-party proceeding against the supplier of the blood plasma, Chicago Blood Donor Services, Inc., which sold and supplied the blood transfused to decedent. The third-party defendant also filed an answer which substantially denied all the allegations of the third-party complaint.

The trial court, on defendant's motion, entered summary judgment in favor of defendant and as against plaintiff. Plaintiff's motion to vacate this order and to set the cause for trial was denied. It is from these adverse rulings that plaintiff currently appeals contending (1) that the trial court abused its discretion in placing the cause on trial and in refusing to grant plaintiff's motion for continuance in order to permit her completion of discovery; and (2) that the trial court erred in awarding defendant summary judgment.

As previously noted, the occurrence which serves as the basis of this litigation transpired in August 1970. Suit was initiated thereafter and an amended complaint was filed on March 9, 1973. The cause was initially set for pretrial conference before Judge Sidney A. Jones on August 13, 1974. Thereafter, the case reappeared on Judge Jones' calendar on eight separate occasions and was continued on each successive date for reasons unapparent from the record.

On June 13, 1975, a separate "malpractice" calendar was created

pursuant to an order of the circuit court of Cook County and all pending litigation of this nature was reassigned to Judge David A. Canel for all purposes. Judge Canel was authorized by this order "to enter any and all orders that are necessary to bring said cases to issue and early disposition." The instant case was assigned to Judge Canel on September 9, 1975, and transferred to his calendar on September 16, 1975. There is no dispute that the instant cause was properly transferred to Judge Canel's calendar.

The case thereafter appeared on Judge Canel's docket on November 4, 1975, pursuant to notice sent to all parties. This notice provided:

> "Above cause is set for pre-trial/trial on November 4, 1975 at 9:00 o'clock in Room 2006 Civic Center. Please appear at the above time and place and have your client or representatives available in person. If case is not disposed of at said time, it will be set for immediate trial. Failure to appear will result in dismissal under Rules 218 and 219(c)."

On November 4, 1975, defense counsel was engaged in trial and the case was continued to Thursday, November 13, 1975.

On that date plaintiff's counsel appeared before Judge Canel at approximately 10:30 a.m. and it became apparent that the matter could not be settled. Plaintiff's counsel also represented to the court that certain depositions of two nurses employed by defendant at the time of testator's death had not been taken and that defendant had failed to produce these witnesses. It was later developed that defendant had advised plaintiff's attorney by letter of August 8, 1975, that these nurses had left defendant's employ and that defendant had experienced "little success" in its efforts to determine their whereabouts.

Plaintiff also informed the court that her expert, Dr. Charles Ketterman, had moved to California and that his evidence deposition would be necessary.

Judge Canel set the cause for trial at 12 noon over the objection of plaintiff's counsel and subsequently continued the case until 2 p.m. on the same day. At that time defendant and third-party defendant made motions *in limine* seeking to bar plaintiff from introducing any evidence pertaining to serum hepatitis and the decedent's death allegedly caused thereby as alleged in counts II, III and IV on the grounds that plaintiff had not produced a medical expert to prove these claims. Defendant had not previously requested plaintiff to identify an expert but had been provided with the name of Dr. Ketterman.

Plaintiff's counsel requested that the court reserve its ruling on the motions *in limine* until such time as plaintiff was able to obtain the required expert testimony. Counsel indicated to the court that such testimony might be obtained within four days, and plaintiff requested a

continuance until Monday, November 17, 1970. The trial court declined to reserve its ruling and the substantive propriety of this order is not challenged on appeal.

Plaintiff was unprepared to present the expert testimony ordered by Judge Canel on November 13, 1970. Plaintiff's counsel advised the court that if it chose to grant defendant's motions *in limine* "I would ask the court to dismiss the case as a whole." The court, under the belief that counsel was requesting a voluntary nonsuit, dismissed the case. Plaintiff's counsel corrected this misconception, apparently requesting that the court dismiss the entire case, including the common law negligence claim specified in count I, on the merits so as to permit a direct appeal of the litigation.

Defendant then moved orally for summary judgment. The trial court granted this motion. Subsequently, on November 17, 1970, defendant filed a written motion for summary judgment supporting its previous oral motion. That motion was directed to all counts of the complaint and was based solely upon the failure of plaintiff to have available expert testimony to support the "malpractice" claims alleged in the various counts of the complaint. This motion was also granted and plaintiff's petition to vacate the order was denied.

■■ Plaintiff initially contends that the trial court abused its discretion in setting the cause for trial on November 13, 1975, without adequate notice to counsel so as to accord plaintiff due process of law. However, it remains uncontroverted that counsel for plaintiff was provided notice to appear before Judge Canel on November 4, 1975, and on November 13, 1975. The terms of this order are clear and its import is plain. Counsel was thus advised that the cause was set for "pre-trial/trial"; that his prompt appearance was necessary; that his client or representatives must be physically present in court on that date; and, most importantly, that if the case was not disposed of by said date it would be set for "immediate" trial. It appears that counsel was prepared to proceed to trial and present the testimony of several lay witnesses. However, he was unprepared to present the expert testimony necessary to sustain counts II, III and IV of plaintiff's complaint and expressly declined to proceed on count I unless the court reserved his ruling on defendant's motions *in limine*. Plaintiff declined to file a motion for continuance prior to the date upon which the matter came on for trial or to seek clarification of the notice plaintiff currently claims to have been ambiguous. She should not now be heard to complain that she was not provided adequate notice that the matter was to be set for immediate trial on November 13, 1975. .

Plaintiff also contends that the trial court abused its discretion in refusing to permit plaintiff additional time in which to obtain an expert. Motions for continuance are governed by Supreme Court Rule 231. (Ill.

Rev. Stat. 1973, ch. 110A, par. 231.) The purpose of this rule is to avoid prejudice or unfairness to either party and its requirements are designed to provide an appropriate basis for exercise of the trial court's discretion. *North Federal Savings & Loan Association v. Tokoph* (1969), 110 Ill. App. 2d 254, 249 N.E.2d 241.

Rule 231 provides, *inter alia*:

> "(a) Absence of Material Evidence. If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want of time to obtain it; (2) of what particular fact or facts the evidence consists; (3) if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, that due diligence has been used to ascertain it; and (4) that if further time is given the evidence can be procured."

The trial court has broad discretion in allowing or denying a motion for continuance, but such discretion must be exercised judiciously and not arbitrarily. (Ill. Rev. Stat. 1973, ch. 110, par. 59; *Duran v. Chicago & North Western Ry. Co.* (1975), 26 Ill. App. 3d 645, 325 N.E.2d 368.) A decisive factor in determining the propriety of the trial court's exercise of its discretion in ruling on a motion for continuance is whether the party applying for continuance has shown a lack of due diligence in proceeding with the cause. *Parker v. Newman* (1973), 10 Ill. App. 3d 1019, 295 N.E.2d 503.

■■ Within this context, a court should not refuse a continuance where the ends of justice clearly require it and any abuse in so doing will justify reversal. (*Reecy v. Reecy* (1971), 132 Ill. App. 2d 1024, 271 N.E.2d 91.) As stated in *Jancauskas v. Tow Motor Corp.* (1970), 126 Ill. App. 2d 289, 292, 261 N.E.2d 753, 755:

> "The dismissal of a party's cause of action is drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority."

We note at the outset that plaintiff placed herself at a distinct disadvantage before the trial court by failing to comply with the requirements of Supreme Court Rule 231 when she initially sought a continuance on November 13, 1970. Counsel did not choose to file the requisite affidavit and written motion, relying instead on his oral representations to the court. Counsel admits that he "structured his argument inconcisely." It was not until November 17, 1970, that plaintiff's allegations in support of her motion for continuance were cogently articulated within the context of plaintiff's written motion to vacate the

judgment previously entered against her. Failure to comply with the relevant statutory provisions is, of itself, grounds for denial of a motion for continuance. *Parker v. Newman.*

■■ In the instant case, plaintiff has utterly failed to allege or establish diligence in the prosecution of her case. Her untimely petition serves only to catalogue the negligence of her counsel. Consequently, the trial court properly denied plaintiff's motion for continuance and the matter was properly set for trial.

■■ Given the peculiar procedural posture of the case, however, we conclude that plaintiff's failure to present the medical testimony necessary to sustain her ultimate burden of proof does not justify imposition of summary judgment in order to effectively dispose of the case. See *Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 251 N.E.2d 105.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

DOWNING, P. J., and PERLIN, J., concur.