THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROBERT LIPP, Defendant-Appellee.

First District (3rd Division)    No. 77-1566

Opinion filed August 30, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Lee H. Tockman, of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
The defendant, Robert Lipp, was charged in separate complaints with battery of Raymond Gora, Amelia Gora and Nancy Gora. (Ill. Rev. Stat. 1975, ch. 38, par. 12—3.) The defendant made a motion for a mistrial and a motion to dismiss the complaints with prejudice based on the refusal of the State to comply with a subpoena directed to the custodian of records of the Chicago Police Department. At the time that these motions were made, eight jurors had been selected. The trial court granted both motions. The State has appealed pursuant to Supreme Court Rule 604(a)(1) contending that the dismissal was improper because the material the State withheld was not discoverable in a misdemeanor case either by a motion for discovery or by the issuance of a subpoena. Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1).

The complaints against the defendant were filed on October 12, 1976. A *subpoena duces tecum,* which is contained in the record, directed the custodian of the records of the Chicago Police Department to appear at a specified time and location to testify; he was also to bring any written

matters relating to an incident occurring on October 11, 1976, at approximately 2:30 p.m., at 3945 North Natchez, Chicago, Illinois, which involved the defendant and the complainants.

The assistant State's attorney contended that the subpoena was invalid because it sought matters which were not subject to discovery. He stated that when a subpoena is issued for police records, the police department delivers the records to the State's attorney's office. The police department had delivered to the State's attorney's office one document entitled "Radio Dispatch Card-Radio Complaint/Chicago Police Communications Center." This document, a copy of which is contained in the record, shows the location of the incident (3945 North Natchez), the unit assigned, the nature of the complaint-service ("Info. for Police") and is stamped 15 17 and 15 37, October 11, 1976. The card also contains numerical information concerning the patrol beat of the occurrence, the dispatcher zone, the number arrested (none) and the complainant-requester (Lipp). During the argument the defendant claimed that the phone call which the police dispatcher reported was made by the defendant or his wife. The defendant had made an oral, but no written motion for a pretrial discovery and claimed the document was material because a defendant who calls the police is different from one who does not and wants to get away. The defendant also mantained the document could be used for impeachment if one of the victims claimed to have called the police.

The trial court ruled the subpoena was valid, but the assistant State's attorney refused to turn the document over stating he wished to obtain appellate review concerning whether such a document was discoverable in a misdemeanor case. Although it was recognized that contempt proceedings might be an appropriate method of testing the subpoena, the State said it feared that jeopardy had already attached since two four-member panels of jurors had been selected. (See Ill. Rev. Stat. 1977, ch. 38, par. 3—4(a)(3).) Following a recess and further argument, but before further jurors were accepted, the defendant moved for a mistrial and for a dismissal of the charges with prejudice; the trial court granted these motions.

The grounds upon which the trial court may dismiss a charge are enumerated in subsections 1 through 10 of section 114—1(a) of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1977, ch. 38, par. 114—1(a)(1)—(10).) It is apparent that the trial court's dismissal of the complaints because of the State's failure to comply with the subpoena is not one of the grounds set forth in section 114—1(a).

In addition to the grounds for dismissal stated in section 114—1(a), the supreme court in *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, held that a trial court had the inherent authority to dismiss an indictment

where there had been a denial of due process, even though this basis was not a ground specifically enumerated by statute. The supreme court explained that a trial court is obligated to ensure a defendant a fair trial, and it may impose sanctions, including dismissal of the case, for that purpose. However, the court in *Lawson* cautioned that a trial court should proceed with restraint and not disregard statutory provisions in attempting to justify a dismissal. Citing *Lawson*, the defendant contends he was denied due process by the State's "blatant disregard of the instructions of the court."

■■■ A defendant may be denied due process of law if he is denied the right to summon witnesses in his behalf. (*E.g., People v. Avery* (1978), 61 Ill. App. 3d 327, 377 N.E.2d 1271; *People v. Graham* (1977), 48 Ill. App. 3d 689, 363 N.E.2d 124.) However, a defendant who claims he is denied due process in this manner is not without a remedy since he has the right to a direct appeal, as in *Avery*, or he may pursue a post-conviction remedy, as in *Graham*. Evaluation of the defendant's due process claim, in any event, is premature under the circumstances in this case where no trial has begun and no witnesses have testified. Even if it is assumed that the State acted improperly and violated discovery rules, a defendant is entitled to reversal only if he can show he was prejudiced (*People v. Watkins* (1975), 34 Ill. App. 3d 369, 340 N.E.2d 92) or denied a fair trial (*People v. Jones* (1977), 66 Ill. 2d 152, 361 N.E.2d 1104). We are of the opinion that the dismissal was improper since it was not based on any of the grounds enumerated in section 114—1(a) and did not constitute denial of due process under *People v. Lawson*. Therefore, we conclude that the trial court erred in dismissing the charges against the defendant.

Finally, we come to the defendant's contention that he was placed in jeopardy since eight jurors were selected. This contention is clearly without merit because jeopardy does not attach until the jury is "impaneled and sworn." See Ill. Rev. Stat. 1977, ch. 38, par. 3—4(a)(3); *People v. Cimino* (1970), 45 Ill. 2d 556, 257 N.E.2d 97, *cert. denied* (1971), 402 U.S. 932, 28 L. Ed. 2d 867, 91 S. Ct. 1530; *cf. Crist v. Bretz* (1978), ___ U.S. ___, 57 L. Ed. 2d 24, 98 S. Ct. 2156.

Accordingly, the order of dismissal is reversed and the cause is remanded to the Circuit Court of Cook County for further proceedings, consistent with the holding of this opinion.

Reversed and remanded.

JIGANTI, P. J., and McNAMARA, J., concur.