STATE OF NEW JERSEY, PLAINTIFF, v. CARL CORSON, DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided October 31, 1983.

*James Logan, Jr.,* special prosecutor for the State (*Robert E. Kennedy* appearing).

*Jeffrey A. Weiner,* for defendant.

WELLS, J.S.C.

This is an appeal from dismissal on the ground of double jeopardy of three simple assault charges filed in Maple Shade

Township Municipal Court. The municipal judge concluded that under *N.J.S.A.* 2C:1–9(a) said complaints should be dismissed because he had made a prior determination that there was insufficient evidence presented against defendant, on identical charges, to warrant conviction. The special prosecutor, *Cf.* Rule 7:4–4(b), appealed pursuant to Rule 3:24(b).[1] The following facts have been developed on the record:

Assault charges were originally filed against defendant on September 15, 1982 by complainant, Paul Bellino, his wife, Jennie Bellino, and their emancipated son, Gary. The trial, originally scheduled for October 18, 1982, was continued four times; twice at the request of defendant and twice at the request of the special prosecutor engaged by complainants. The matter was finally set down for trial on April 25, 1983, and the court made it clear there would be no further continuances.

On that date the case was called and defendant entered his plea of not guilty. The special prosecutor, however, was unable to proceed with any evidence due to the failure of any of the three complaining witnesses to appear. The judge, after hearing that the special prosecutor had made repeated calls to the complaining witnesses that evening then dismissed the case.[2] At that point defendant and his attorney inferably left the courtroom.

Shortly after the dismissal, two of the complaining witnesses, Mr. and Mrs. Bellino, did then appear in court. Bellino stated he

---

[1] Rule 3:24(b) provides: (t)he prosecuting attorney may appeal a pretrial or post-trial judgment of a court of limited jurisdiction dismissing a complaint.

[2] It is clear that the trial judge did not choose to use the dismissal procedures of Rule 7:4–2(h). The provisions are discretionary and no one here asserts an abuse of discretion in granting the defense motion. A trial date had been fixed on a "no further adjournment" basis and everyone, except the complaining witnesses actually appeared at the appointed time. When the complaining witnesses did appear they admitted notice of the date and time of the trial. The right to dismiss immediately without fixing still a new trial date on notice to the parties and witnesses is not challenged here.

was delayed because he had had to go to the doctor. According to a letter from counsel and a physician's certificate provided the court, Bellino later claimed that he had fallen down stairs and visited the doctor on April 26, 1983. Besides the apparent contradiction between Bellino's initial statement in court and the subsequent letter, no explanation has been forthcoming as to why Mrs. Bellino or her son, Gary, neither appeared nor attempted to contact the court.

On May 31, 1983, a month following the dismissal, identical complaints were filed against defendant. On June 20, 1983, the municipal judge dismissed the new complaints citing *N.J.S.A.* 2C:1–9(a) and stressing, in particular, the continued anxiety which defendant had suffered due to the repeated delays in prosecution of the case.

On this appeal the State argues that no witnesses had been sworn nor any judgment of acquittal entered on the merits of the case. For the reasons discussed below I reject such a rigid interpretation of *N.J.S.A.* 2C:1–9(a) and once again dismiss the complaints on the ground of double jeopardy.

Prior to the adoption of *N.J.S.A.* 2C:1–9, jeopardy would not attach in a non-jury proceeding until the first witness was sworn. *State v. Lynch,* 79 *N.J.* 327, 341 (1979) The new statute, however, allows claims of jeopardy not only for improper termination of prosecution after the first witness is sworn but also for a determination that there was insufficient evidence to warrant a conviction. Compare *N.J.S.A.* 2C:1–9(d) with *N.J.S.A.* 2C:1–9(a). The statute codifies the inherent equitable considerations with which the New Jersey courts have balanced the public interest to have a trial proceed on the merits against the state and federal constitutional protection afforded defendants to be free from the harassment of successive prosecutions. *Cf. State v. Rechtschaffer,* 70 *N.J.* 395 (1976); *State v. Laganella,* 144 *N.J.Super.* 268 (App.Div.1976) *app. dism.* 74 *N.J.* 256 (1976), *State v. Jones,* 183 *N.J.Super.* 172 (App.Div.1982); *State v. O'Keefe,* 135 *N.J.Super.* 430 (Law Div.1975), *State v. Nappo,* 185

*N.J.Super.* 600 (Law Div.1982). Under *N.J.S.A.* 2C:1–9(a) each case must turn on its own facts rather than the far more simple but rigid determination of when jeopardy attaches. *State v. Laganella, supra* 144 *N.J.Super.* at 287. In applying the principles of double jeopardy, therefore, "the primary considerations should be fairness and fulfillment of reasonable expectations in the light of the constitutional and common law goals." *State v. Nappo, supra,* 185 *N.J.Super.* at 607, *quoting State v. Currie,* 41 *N.J.* 531, 539 (1964).

The court recognizes that no reported New Jersey case has yet dealt with the situation here where jeopardy is claimed prior to any witnesses having been sworn. *State v. Nappo, supra* is, however, clearly analogous. In *Nappo* defendant was charged with selling alcohol to a minor. Four trial dates in Municipal Court were adjourned at the State's request because it was unable to proceed. On the next scheduled date the State began presentation of the case. It's only witness was sworn in and testified. However, because the State had failed to supply defense counsel with chemical certification of the alcoholic content in advance of the trial the Municipal Judge granted the State's request that the trial be continued. The Prosecutor then failed to appear at the next two scheduled trial dates and the case was dismissed. The court concluded that a subsequent complaint based on the same offense was barred under *N.J.S.A.* 2C:1–9(d) due to the "pattern of dereliction" on the part of the prosecutor. *Id.* 185 *N.J.Super.* at 606. *See also, State v. Bryant,* 31 *Ohio Misc.* 230, 277 *N.E.2d* 264 (1971) (double jeopardy attached in municipal proceedings where plea entered and only testimony taken was that the state witnesses were not present).

While it is evident that in the case at bar the failure of the witnesses to appear at the scheduled trial date does not amount to the special prosecutor's derilection of duty or bad faith, certainly the failure of the complainants to appear violates the defendant's right to have the case finally proceed and to be free from the continued anxiety and expense in defending himself against the State's accusations. As such the refiling of

identical complaints implicates the fundamental policies behind *N.J.S.A.* 2C:1–9 discussed in *Nappo* and the other cases previously cited. This is not a case where the action was continued or dismissed for mere procedural reasons unconnected to guilt or innocence. Nor is this a case where the judge should have *sua sponte* granted yet another continuance. *See e.g. State v. Utsch,* 184 *N.J.Super.* 575 (1982) and other cases cited by the State. Nor does the fact that defendant himself made the motion for dismissal require a contrary determination concerning the application of *N.J.S.A.* 2C:1–9(a). *Cf. State v. Nappo, supra,* 185 *N.J.Super.* at 606. If defendant had the right to demand dismissal of the charges on April 25, 1983, he is not required to sacrifice his claim of double jeopardy to exercise such right.

I would also note that defendant has been under the anxiety of this impending prosecution for over a year for an offense which appears to arise out of a dispute between adjoining landowners over an easement. Under such a situation the policy of preventing undue harassment to defendant clearly outweighs the right of the State of have the case determined on its merits.

Therefore, for essentially the same reasons as given by the Municipal Judge, upon this review *de novo,* the complaints are dismissed.